CHARLES A. HAMILTON *versus* JOHN D. SHEPHERD.

The appointment of a member of a volunteer company in the militia to be an engine-man, exempts him from militia duty, but does not discharge him from his enlistment, and if he ceases to be an engine-man before the expiration of the term of the enlistment, his liability to do duty in such company revives. And this liability will not be affected by his enlisting, while so exempted, in another volunteer company and receiving a non-commissioned officer's warrant therein. [See Revised Stat. c. 12, § 2.]

UPON a complaint before Austin Denny, a justice of the peace, by Hamilton, as clerk of a volunteer company of light infantry, against Shepherd, for neglecting to perform military duty in that company on the first Tuesday of May 1825, it appeared that Shepherd was enlisted into that company in 1820, that he was afterwards appointed an engine-man, and that he duly exhibited the certificate of such appointment to entitle him to exemption from military duty ; that while he was an engine-man and so exempt, he was enlisted into a volunteer rifle company, and was thereupon by the captain of that company appointed a corporal, and that he received a warrant accordingly from the commanding officer of the regiment, and that he is still a corporal in that company ; but it did not appear that such captain or commanding officer knew of his enlistment in the light infantry company. It was agreed that for more than a year next preceding the third Tuesday of May 1825, he had not been an engine-man. The justice determined that he was not guilty of neglect of duty, and Hamilton now petitioned this Court for a writ of *certiorari*.

---

The case was argued in writing, in vacation.

*Burnside,* for the petitioner, referred to *St.* 1809, *c.* 108, § 34, *art.* 14, which provides that a person who enlists in a volunteer company shall be held to do duty therein for the term of seven years, unless sooner discharged by order of the commanding officer of the brigade ; and he contended that the appointment of the respondent to be an engine-man *excused* him from military duty so long as he continued an engine-man, but did not *discharge* him from the company of light infantry ; *Commonwealth* v. *Smith,* 14 Mass. R. 374 ; *Commonwealth* v. *Thaxter,* 11 Mass. R. 386 ; and that his enlistment in the rifle company could not interfere with his prior obligations to the other company.

*J. Davis* and *Allen, contrà.* From the case of *Commonwealth* v. *Smith* it may be inferred that the respondent, after becoming an engine-man, was no longer a member of the light infantry company for any purpose whatsoever. He was not liable to do military duty, nor to be drafted, nor could he be considered as on the roll for the purpose of preventing the company from being disbanded under § 16 of *St.* 1809, *c.* 108. If his contract of enlistment was not dissolved, then is every member of a volunteer company, who is appointed to some office, no matter how elevated, which exempts him from military duty, liable to be called upon, whenever such exemption ceases, to return to the ranks and complete his seven years ; for during the exemption he cannot be considered as a member so as to have the term of enlistment go on. But whether the respondent was discharged or not by becoming an engine-man, still, having enlisted in another company while exempt, and having received a non-commissioned officer's warrant, he has a right to the benefit of his promotion, according to the case of *Commonwealth* v. *Thaxter.*

The opinion of the Court was read, as drawn up by

PARKER C. J. We think the magistrate erred in supposing that the respondent's enlistment in the rifle company, and his appointment to the duty of corporal therein, while exempted from militia duty on account of being an engine-man, excused him from service in the infantry company in which he had previously enlisted. The exemption of an engine-man **may**

be temporary or permanent, at the option of the person under-
taking that duty. So long as he shall continue attached to an
engine, and shall produce *annually* his certificate thereof to the
captain of the company, he is to be exempt from militia duty,
or if he does not so produce it, excused, the difference being
only that upon the production of his certificate he need not be
notified to appear at the several trainings during the year; but
if he ceases to be an engine-man, or fails to produce his certi-
ficate, he not being struck off the roll is liable to be notified,
like other privates, he still belonging in fact to that corps of the
militia to which he was before attached, his temporary exemp-
tion not operating as a discharge. If he belonged to no vol-
unteer company, he would of course fall into his place in the
standing company of militia in which he was enrolled; and if
he belonged to such volunteer company, his liability to do
duty in it, which had only been suspended, is revived.

We think also that the respondent's second voluntary enlist
ment into another volunteer company does not relieve him
from his liabilities to the first. He had engaged himself for
seven years; had a dispensation for such time as he should
continue an engine-man; but had not a right to transfer his
services to another company to the prejudice of that in which
he had first enlisted.

Nor will his appointment as corporal in the rifle company
make any difference; for the captain of one company cannot
take men from the ranks of another and make of them non-
commissioned officers. It is not like the case of *Commonwealth*
v. *Thaxter*, which has been cited, for the commandant of the
regiment in that case advanced Thaxter from the ranks of the
volunteer company which was a component part of his regi·
ment, which he had a right to do.

*Proceedings quashed*